| | |
|---|---|
| CARLA BENNETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 3:23-CV-39-JEM ) |
| KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 10]. Now before the Court is Plaintiff's Motion for Summary Judgment [Doc. 11]. Carla Bennett ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of Defendant Kilolo Kijakazi ("Commissioner"). For the reasons that follow, the Court grants Plaintiff's Motion for Summary Judgment [Doc. 11] and remands the action for further proceedings consistent with this opinion.

**I.  PROCEDURAL HISTORY**

On October 1, 2019,[1] Plaintiff filed an application for Supplemental Security Income ("SSI") pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* [Tr. 241].[2] Plaintiff claimed a period of disability that began on September 17, 2019 [*Id.*]. After her claim was

---

[1] The ALJ's decision [Tr. 13] as well as the parties' briefs [*See* Doc. 12 p. 1; Doc. 14 p. 1], state that Plaintiff applied for SSI on September 17, 2019. Plaintiff's application, however, reflects that she applied on October 1, 2019 [Tr. 241].

[2] Plaintiff has prior applications that were denied in 1983, 1984, 1986, 1988, 1991, 1992, 1993, 1994, 2005, 2008, and 2017 [Tr. 51].

denied initially [*id.* at 106–08] and upon reconsideration [*id.* at 114–15], Plaintiff requested a hearing before an ALJ [*id.* at 118]. A hearing was held on August 30, 2021 before ALJ Todd Spangler (hereinafter "ALJ Spangler" or "the ALJ") [*Id.* at 34–47]. On October 12, 2021, ALJ Spangler found Plaintiff not disabled [*Id.* at 10–33]. Plaintiff asked the Appeals Counsel to review the ALJ's decision [*Id.* at 226–40]. The Appeals Council denied Plaintiff's request for review [*id.* at 1–6], making the ALJ's decision the final decision of the Commissioner.

Having exhausted her administrative remedies, Plaintiff filed a Complaint with this Court on February 2, 2023, seeking judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) [Doc. 1]. The parties have filed opposing briefs, and this matter is now ripe for adjudication.

## II.     DISABILITY ELIGIBILITY AND ALJ FINDINGS

"Disability" means an individual cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). An individual will only be considered disabled:

> if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1.     If claimant is doing substantial gainful activity, he is not disabled.

2

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e), 416.920(a)(4), 416.920(e). RFC is the most a claimant can do despite his limitations. *Id.* §§ 404.1545(a)(1), 416.945(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

Here, the ALJ made the following findings:

1. The claimant has not engaged in substantial gainful activity since September 17, 2019, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: seizure disorder, depression, posttraumatic stress disorder (PTSD), and anxiety (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of

3

> impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can never climb ladders, ropes or scaffolds; can tolerate only occasional exposure to workplace hazards, such as open machinery and unprotected heights; and can never operate a motor vehicle as part of work duties. She is limited to simple and low-level detailed tasks, with no more than occasional contact with coworkers, supervisors, and the public and no more than occasional change in the work setting.
>
> 5. The claimant has no past relevant work (20 CFR 416.965).
>
> 6. The claimant was born on October 24, 1963 and was 55 years old, which is defined as an individual of advanced age, on the date the application was filed (20 CFR 416.963).
>
> 7. The claimant has at least a high school education (20 CFR 416.964).
>
> 8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since September 17, 2019, the date the application was filed (20 CFR 416.920(g)).

[Tr. 15–27].

## III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*,

581 F.3d 399, 405 (6th Cir. 2009); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). In reviewing the Commissioner's decision, the Court must consider the record as a whole. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Hum. Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Additionally, the Supreme Court has explained that "'substantial evidence' is a 'term of art,'" and "whatever the meaning of 'substantial' in other settings, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Rather, substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In determining whether an ALJ's findings are supported by substantial evidence, the Court does not try the case *de novo*, weigh the evidence, or make credibility determinations nor resolve conflicts in the evidence, nor decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In addition to considering whether the ALJ's decision is supported by substantial evidence, the Court must review whether the ALJ employed the correct legal criteria. It is grounds for reversal of a decision—even if supported by substantial evidence—where "the SSA fails to follow

5

its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Hum. Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). Furthermore, the Court is not under any obligation to scour the record for errors not identified by the claimant and arguments not raised and supported in more than a perfunctory manner may be deemed waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (noting that conclusory claims of error without further argument or authority may be considered waived).

## IV. ANALYSIS

Plaintiff raises two issues on appeal. First, Plaintiff argues that the ALJ erroneously concluded that she had a high school education because testing showed her abilities to be below a twelfth-grade level [Doc. 12 pp. 9–11]. Second, Plaintiff argues that the ALJ failed to properly consider the medical opinions [*id.* at 11–13] and Plaintiff's subjective complaints regarding her seizures when formulating the RFC [*id.* at 13–15]. The Commissioner responds that the ALJ appropriately found that Plaintiff had a high school education because she earned a GED and "attained achievement" in several categories [Doc. 14 pp. 4–6]. Further, the Commissioner argues that the ALJ properly considered the medical opinions for consistency and supportability [*id.* at 12–16], as well as Plaintiff's subjective complaints as required by the regulations [*id.* at 16–20]. For the reasons explained more fully below, the Court finds remand is warranted because the record does not reflect that the ALJ considered the conflicting evidence presented by educational testing in determining Plaintiff's educational ability and he failed to include or explain why he did not adopt the specific limitation to avoid all workplace hazards in his RFC determination.

6

### A. Plaintiff's Educational Testing

Plaintiff first argues that the ALJ "failed to consider the evidence as a whole because he did not discuss Plaintiff's educational evidence in his decision but concluded that Plaintiff has a high school education" [Doc. 12 p. 9]. While Plaintiff obtained a GED in 1998, educational testing conducted in 2021 indicated that Plaintiff had a reading comprehension level equivalent to grade 7.5 and a math computation of grade 6.6 [*Id.* at 11 (citing Tr. 2339)]. Plaintiff contends that this error was harmful because if the ALJ had properly considered this testing and determined Plaintiff had a limited education, then under 20 C.F.R. § 416.962(b), Plaintiff would be considered disabled because she has severe impairments, was fifty-five years old at the time she alleges her disability began, has no past relevant work, and has less than a twelfth-grade educational ability [*Id.*]. The Commissioner responds that the 2021 educational testing results do not necessitate a finding of disability under 20 C.F.R. § 416.962(b) because Plaintiff earned a GED, the equivalent of a high school education [Doc. 14 ¶. 4–7 (citing to *Ray v. Barnhart*, 163 F. App'x 308, 310 n.3 (5th Cir. 2006) (finding that plaintiff's GED was the equivalent of a high school education))].

When evaluating a claimant's education, "the numerical grade level that [the claimant] completed in school may not represent [their] actual educational abilities. These may be higher or lower." 20 C.F.R. § 416.964(b). A claimant's numerical grade level will be dispositive of their educational abilities "if there is no other evidence to contradict it[.]" *Id.* The Sixth Circuit has not directly addressed the issue between a claimant's formal education and their tested capabilities. But the Eighth Circuit has held that an ALJ errs in "using the claimant's years of formal education . . . when educational testing established he functioned at a much lower level." *Lewis v. Barnhart*, 201 F. Supp. 2d 918, 934 (N.D. Ind. 2002) (discussing *Walston v. Sullivan*, 956 F.2d 768 (8th Cir. 1992)).

7

Educational testing here indicates that Plaintiff may have been functioning at a much lower level than her years of formal education. Plaintiff dropped out of formal schooling in 1979 when she was in the tenth grade [Tr. 345], and she received her GED in 1998 [*Id.* at 262]. In 2021, Plaintiff took the Wide Range Achievement Test-5 ("WRAT-5"), and the results showed deficiencies in reading comprehension and math computation, though the examiner opined that Plaintiff functioned "in the average range of intellectual ability" [*Id.* at 2339]. Specifically, the results showed that Plaintiff tested at an 11.6 grade equivalent in "word reading," a 7.5 grade equivalent in "sentence comprehension," and a 6.6 grade equivalent in "math computation," but above 12th grade in "spelling" [*Id.*]. The ALJ concluded that Plaintiff had a high school education [*id.* at 26], and only briefly mentioned the WRAT-5 results during the discussion following his RFC assessment, stating that "[t]esting suggested average intelligence with some problems in sentence composition and math computation but good word reading and spelling skills" [*id.* at 23]. The ALJ did not explain the conflicting evidence between Plaintiff's GED and the WRAT-5 results that indicated her abilities may be lower than her formal schooling.

Claimants who are at least fifty-five years old, have no more than a limited education, have no past relevant work experience, and have a severe, medically determinable impairment are deemed disabled under 20 C.F.R. § 416.962(b). Limited education means "ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs." 20 C.F.R. § 416.964. A seventh grade through eleventh grade education is a limited education. *Id.* On the other hand, a high school education "means abilities in reasoning, arithmetic, and language skills acquired through formal schooling at a 12th grade level or above." *Id.* Claimants with a high

8

school level education are generally considered able to perform semi-skilled through skilled work. *Id.*

The ALJ found that Plaintiff was at least fifty-five at the time she claims she became disabled [Tr. 26], has no past relevant work experience [*id.*], and had the following severe, medically determinable impairments: seizure disorder, depression, posttraumatic stress disorder, and anxiety [*id.* at 15]. If the ALJ considered the WRAT-5 results and determined that Plaintiff had a limited education, then she could meet all the elements under 20 C.F.R. § 416.962(b) and found disabled under that regulation. But it is not clear that the ALJ considered the WRAT-5 results in concluding Plaintiff had a high school education. Nor is there any way to know whether any educational impairment was taken into consideration by the vocational expert when determining Plaintiff's education level. *See Lewis*, 201 F. Supp. 2d at 934; *see also King v. Apfel*, 991 F. Supp. 1101, 1106 (E.D. Mo. 1997) ("[The ALJ] must, however, explain how he arrived at his decision and must base it on substantial evidence in the record as a whole. Thus, it remains to be determined whether the finding of plaintiff's literacy is properly supported." (citing *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987)). This is significant because, under the regulations, Plaintiff's impairments in reading, sentence comprehension, and math computations should have been considered in determining whether Plaintiff "could learn and perform the jobs which the vocational expert testified were available in the regional economy." *Lewis*, 201 F. Supp. 2d at 934.

For the reasons explained, the Commissioner's decision will be remanded.

**B.     Plaintiff's Seizures**

Plaintiff argues that the ALJ improperly considered Plaintiff's seizures by (1) finding the opinions of the Disability Determination Services Doctors, Dr. Carolyn Parrish's ("Dr. Parrish") and Dr. Frank Pennington's ("Dr. Pennington"), persuasive but failing to incorporate or explain

9

why he did not adopt their opined limitation to avoid all exposure to workplace hazards [Doc. 12 pp. 11–13]; and (2) in failing to address all seven factors of Social Security Ruling 16-3p when analyzing the intensity, persistence, and limiting effects of Plaintiff's seizures [*id.* at 13–16]. The Commissioner responds that the ALJ properly considered Dr. Parrish's and Dr. Pennington's opinions, the RFC incorporated the doctors' opined limitations as explained in their narrative explanations [Doc. 14 pp. 11–16], and the ALJ was not required to discuss every factor under Social Security Ruling 16-3p [*id.* at 16–20]. For the reasons explained below, the Court finds that the ALJ failed to incorporate or explain why he did not incorporate Dr. Parrish's and Dr. Pennington's opined limitation to avoid all workplace limitations. The Court, however, finds that the ALJ properly considered Plaintiff's subjective complaints.

### 1. Dr. Parrish's and Dr. Pennington's opined limitations

After reviewing Plaintiff's medical records, Dr. Parrish [Tr. 77] and Dr. Pennington [*id.* at 94] concluded that Plaintiff should avoid all exposure to workplace hazards. The ALJ found the doctors' opinions to be persuasive and well supported by the medical record [*Id.* at 25]. The ALJ's RFC determination, however, limited Plaintiff to "only occasional exposure to workplace hazards, such as open machinery and unprotected heights; and can never operate a motor vehicle as part of work duties" [*Id.* at 19]. Plaintiff claims that the ALJ did not adopt Dr. Parrish's and Dr. Pennington's opined limitation nor explain why he did not adopt the opinion [Doc. 12 p. 11].[3] The Commissioner argues that the ALJ properly considered the medical opinions for consistency and supportability and incorporated Dr. Parrish's and Dr. Pennington's narrative opinions

---

[3] Plaintiff also argues that the ALJ did not cite to evidence on the record to support his determination that Plaintiff's seizures had improved [Tr. 12]. The Court finds that to the extent the ALJ erred in making this determination, the matter is addressed by the Court's finding that the ALJ erred in not adopting or explaining why he did not adopt Dr. Parrish's and Dr. Pennington's opined limitation.

10

[Doc. 14 pp. 12–16]. The Commissioner further maintains that even if the ALJ failed to adopt the specific limitation to avoid all workplace hazards, Plaintiff has not shown that "considering those proposed limitations would alter the outcome in this case" [*Id.* at 16].

If an ALJ's RFC determination conflicts with a limitation recommended by a medical source, then the ALJ must explain why that opinion was not adopted. *See* Social Security Ruling 96-8p, 1996 WL 374184, at *7. "[B]y failing to explain why certain limitations were not incorporated into the RFC, an ALJ prevents the reviewing court from conducting a meaningful review to determine whether substantial evidence supports his decision." *Jomo T. v. Comm'r of Soc. Sec. Admin.*, No. 3:21-CV-105, 2022 WL 3446342, at *4 (S.D. Ohio Aug. 17, 2022) (citations omitted); *see also Cooper v. Comm'r of Soc. Sec.*, No. 2:18-cv-67, 2018 WL 6287996, at *5 (S.D. Ohio Dec. 3, 2018) ("Thus, the ALJ's failure to provide such an explanation requires remand because it prevents this Court from conducting meaningful review to determine whether substantial evidence supports his decision." (citations omitted)); *Queen v. Comm'r of Soc. Sec.*, No. 2:16-cv-1082, 2017 WL 6523296, at *9 (S.D. Ohio Dec. 21, 2017) ("Nowhere in his opinion does the ALJ explain why he failed to incorporate Dr. Steiger's limitations even though he gave her opinion great weight. The ALJ's failure to do so renders this Court unable to assess the ALJ's reasoning and understand why he did not incorporate Dr. Steiger's limitations in his RFC." (citations omitted)).

Here, the ALJ noted that Dr. Parrish and Dr. Pennington found that Plaintiff "should avoid all exposure to workplace hazards" and considered their opinions persuasive [Tr. 25]. Yet, the ALJ's RFC only limits Plaintiff to "*occasional* exposure to workplace hazards" [*Id.* at 19 (emphasis added)]. The ALJ did not explain why he did not adopt the limitation to avoid all exposure to workplace hazards despite the conflict between Dr. Parrish's and Dr. Pennington's

opinions and the RFC. Although the ALJ explained his reasoning for why he did not adopt a similar limitation in Dr. Robert Blaine's report [*Id.* at 25], that analysis does not explain why the ALJ rejected Dr. Parrish's and Dr. Pennington's opined limitation. *See Bookout v. Comm'r of Soc. Sec.*, No. 3:13-CV-463, 2014 WL 4450346, at *8 (E.D. Tenn. Sept. 10, 2014) ("[T]he Court can neither substitute its own reasoning nor the Commissioner's proposed arguments for the ALJ's ambiguous action of adopting a medical opinion that contradicts the Plaintiff's RFC." (citation omitted)).

The Court finds that the ALJ erred in failing to either incorporate into Plaintiff's RFC the limitation to avoid all workplace hazards from Dr. Parrish's and Dr. Pennington's opinions or explain why he disagreed with the proposed limitation. Hence, remand is warranted.

### 2. Subjective Complaints

Plaintiff argues that the ALJ erred in not fully considering her subjective complaints regarding the intensity, persistence, and limiting effects of her seizures [Doc. 12 pp. 13–16]. Plaintiff contends that under Social Security Ruling 16-3p the ALJ failed to discuss evidence relevant to factors two, four, and seven [*Id.*]. The Commissioner responds that the ALJ's "decision need not contain discussion and citations as to every possible factor" [Doc. 14 p. 17 (quoting *McCarty v. Kijakazi*, No. 2:21-cv-36-JEM, 2022 WL 1250723, at *5 (E.D. Tenn. Apr. 27, 2022) (citations omitted)).

When evaluating the intensity, persistence, and limiting effects of a claimant's symptoms, the ALJ will review all the evidence in the record as well as seven factors including:

> 2. The location, duration, frequency, and intensity of pain or other symptoms;
>
> . . .
>
> 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;

> > . . . and
>
> > 7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

Social Security Ruling 16-3p, 2017 WL 5180304, at *7–8. ALJs are required to discuss any of the seven factors that relate to the claimant's impairment from the evidence of record. *Id.* at *8 ("We will consider other evidence to evaluate only the factors that are relevant to assessing the intensity, persistence, and limiting effects of the individual's symptoms. . . . We will discuss the factors pertinent to the evidence of record."). "If there is no information in the evidence of record regarding one of the factors, [the ALJ] will not discuss that specific factor in the determination or decision because it is not relevant to the case." *Id.* "However, an ALJ is not 'required to discuss each piece of data in its opinion, so long as they consider the evidence as a whole and reach a reasoned conclusion.'" *Escobar v. Kijakazi*, No. 3:21-cv-372, 2023 WL 2769090, at *3 (E.D. Tenn. Mar. 31, 2023) (citation omitted).

The ALJ here discussed each factor that pertained to Plaintiff's seizures. Regarding the second factor, Plaintiff argues that the ALJ did not address her testimony that she gets "real sleepy," has headaches for which she takes medication, and has to nap following a seizure [Doc. 12 pp. 13–14]. Plaintiff also argues that the ALJ omitted several treatment notes regarding Plaintiff's seizures [*Id.*]. But the ALJ was not required to specifically discuss these pieces of evidence. *See Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004) ("An ALJ need not discuss every piece of evidence in the record for his decision to stand."). Instead, the ALJ properly supported his decision with substantial evidence and discussed numerous times the "location, duration, frequency, and intensity of symptoms" as required by Social Security Ruling 16-3p. *See Escobar v. Kijakazi*, 2023 WL 2769090, at *3. For example, the ALJ noted that Plaintiff testified, and the record otherwise showed that she has seizures two to three times a month or up

13

to seven times a month despite her medication [Tr. 19, 21, 22, 24 (citing Exhs. C11F, C14F, C18F, C26F)] and that her seizures are not accompanied with loss of awareness or consciousness [*id.* at 23 (citing Exh. C21F)]. The Court finds the ALJ considered factor two and was under no obligation to discuss every piece of evidence on the record.

Similarly, pertaining to factor four, Plaintiff argues that the ALJ failed to discuss that Plaintiff's seizure medication makes her forgetful, dizzy, "'staggery,' affect her equilibrium, and make her sleep sometimes" [Doc. 12 p. 14 (citing Tr. 43, 274, 277, 286, 308, 316)]. Again, the Court finds that the ALJ sufficiently discussed the "type, dosage, effectiveness, and side effects" of Plaintiff's medications, even if he did not discuss every ounce of evidence. *Thacker*, 99 F. App'x at 665. The ALJ noted that Plaintiff's medication makes her drowsy [Tr. 19], that she was tapered off her seizure medication, Keppra, due to worsening depression [*id.* at 22–23], and the new seizure medication, Dilantin, had been increased to 400 milligrams [*id.* at 24]. The rulings and regulations do not require the ALJ to do more. *See Sadger v. Comm'r of Soc. Sec.*, No. 2:20-cv-11900, 2021 WL 4784271, at *12 (E.D. Mich. Aug. 23, 2021) ("Failing to specifically refer to side effects in the decision is not ground for remand." (citations omitted)).

Finally, with regard to factor seven, Plaintiff argues that the ALJ failed to discuss that Plaintiff loses time and awareness, has been found wandering around, and experiences incontinence with her seizures [Doc. 12 p. 15]. In addition, Plaintiff maintains that the sporadic nature of her seizures could cause her to miss three to four days of work a month, making her unemployable [*Id.*]. The ALJ noted that Plaintiff experiences drowsiness after seizures [Tr. 19], feels confined inside out of fear of having a seizure [*id.* at 22], and that her "non-epileptic seizures limit her from more than occasional exposure to workplace hazards and from climbing ladders" [*id.* at 25]. In addition, the record does not reflect that Plaintiff would be absent three to four days

14

a month due to her seizures, instead the record shows she currently experiences one to two seizures per month [*Id.* at 24]. The Court finds that the ALJ sufficiently considered the evidence related to the limitations from Plaintiff's seizures as required by the regulation. *See Thacker*, 99 F. App'x at 665.

The ALJ considered all symptoms and evidence, including the seven factors in Social Security Ruling 16-3p, and sufficiently supported his conclusion that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" [Tr. 20].

## V. CONCLUSION

For the reasons and to the extent set forth above, the Court **GRANTS** Plaintiff's Motion for Summary Judgment [Doc. 11], **VACATES** the Commissioner's decision, and **REMANDS** the case to the Commissioner for proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g).

ORDER ACCORDINGLY.

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge